UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARQUIS ELIJAH STOVE                              CIVIL ACTION

VERSUS                                            NUMBER: 11-1770

MR. ALBERT PIERRE                                 SECTION: "I"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Marquis Elijah Stove, against defendant, Officer Albert Pierre of the Houma Police Department.

Plaintiff, an inmate of the Madison Parish Detention Center, complains of the alleged use of excessive force by Officer Pierre during the course of plaintiff's arrest on April 23, 2010. (Rec. docs. 2, pp. 6-7; 10; 12, p.3). For this alleged violation of his constitutional rights, plaintiff seeks a total of $150,000 in monetary damages. (Rec. doc. 2, p. 5). Plaintiff signed his complaint on June 14, 2011 and it was originally tendered to the Court for filing on June 17, 2011. (Rec. doc. 2, pp. 8, 1).

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal

reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Because 42 U.S.C. §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. <u>Wilson v. Garcia</u>, 471 U.S. 261, 105 S.Ct. 1938 (1985). In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989). The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint. <u>Helton v. Clements</u>, 832 F.2d 332, 334-35 (5th Cir. 1987).

Plaintiff complains of the alleged use of excessive force by the named defendant on April 23, 2010. Yet plaintiff did not sign his complaint until June 14, 2011, well after the one-year prescriptive period set forth in Article 3492 had expired. Plaintiff's §1983 claim is clearly prescribed and should thus be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1993).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 8th day of March, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE